UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRAIN WOOTEN,

    Plaintiff,

v.                                               Case No. 8:18-cv-38-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 229). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 80-139). Plaintiff then requested an administrative hearing (Tr. 164). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 40-78). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 16-29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 2). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1986, claimed disability beginning July 1, 2013 (Tr. 229). Plaintiff obtained a high school education (Tr. 47). Plaintiff's past relevant work experience included work as a Sales Clerk and Receptionist (Tr. 27). Plaintiff alleged disability due to aortic valve disorder, ac diastolic heart failure, congestive heart failure, mood disorder, type 1 diabetes, and anxiety (Tr. 260).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2017 and had not engaged in substantial gainful activity since July 1, 2013, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: congestive heart failure, diabetes mellitus, hypertension, obesity, affective disorder, anxiety disorder, and substance abuse disorder (*id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work, except postural activity is limited to occasional, but there shall never be climbing of ladders, ropes, scaffolds and never crawling; reaching overhead bilaterally shall not be more than occasional; there cannot be more than occasional exposure to humidity and atmospheric irritants such as dusts, odors, fumes and gasses; there can be no exposure to hazards such as unprotected heights, moving machinery, or operating a motor vehicle; work shall be unskilled, simple, routine, repetitive tasks, and simple work related decision-making; work shall not be at a production pace defined as on an assembly line or where the claimant is paid by the number of products manufactured or produced; there cannot be more than occasional changes in the general nature of the work setting or tasks to be

performed; and there cannot be more than occasional interaction with co-workers, supervisors and the general public (Tr. 22). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 27). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a Final Assembler, Document Preparer, and Surveillance Systems Monitor (Tr. 28; Tr. 383). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 29).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a

"sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq*. These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria

listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred in relying, without explanation, upon the VE's testimony which was allegedly inconsistent with the Dictionary of Occupational Titles ("DOT") in two ways: (1) finding that Plaintiff could perform jobs at a level three reasoning when the

RFC limited Plaintiff to simple, routine, repetitive tasks; and (2) finding that there are a significant number of jobs available in the national economy for the Plaintiff to perform. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. VE Testimony

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") or by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of

those circumstances. *Phillips*, 357 F.3d at 1242. For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227. Further, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT"). *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). If the ALJ fails to fulfill this duty, the decision is not supported by substantial evidence. *Id.*

### a. Level Three Reasoning Jobs

Here, the VE identified three jobs available in significant numbers in the national economy that the Plaintiff could perform: final assembler, document preparer, and surveillance systems monitor (Tr. 28; Tr. 383). As an initial matter, Plaintiff contends that there is an apparent conflict between an RFC limitation to simple, routine, repetitive tasks, and jobs requiring a level three reasoning. A level three reasoning is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations." DOT Vol. II at 1011, vol. 1 at 281. Though Plaintiff recognizes that the Eleventh Circuit has not decided the matter, district courts are split. *See, e.g.*, *Estrada v. Barnhart*, 417 F. Supp. 2d 1299, 1304 (M.D. Fla. 2006) (reversing and remanding the ALJ's decision based on finding an unresolved conflict between the level three reasoning jobs and the RFC limitation to simple, routine, repetitive tasks); *Fowler v. Commissioner of Social Security*, 2017 WL 9360889 (M.D. Fla. 2017) (holding that, even if there had been an inconsistency between the VE's testimony and the DOT, the ALJ properly relied on the VE's testimony).

Nevertheless, even assuming *arguendo* that there was an inconsistency that the ALJ should have identified and resolved, the Court finds the error harmless. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (*per curiam*) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) (stating that an error may be harmless when it does not prejudice a claimant); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (stating that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Phillips*, 357 F.3d at 1239 (holding that, if a claimant can make an adjustment to other work, a finding of not disabled is warranted). The ALJ identified other work available in significant numbers in the national economy that the Plaintiff could perform, which required a level one reasoning: the job of final assembler (Tr. 28). Plaintiff does not argue that a level one reasoning is inconsistent with the RFC limitation (Doc. 20). Because it is the lowest level possible of reasoning, courts have only struggled with whether a level two or three reasoning requirement is inconsistent with an RFC limitation to simple, routine, repetitive tasks. Consequently, there is substantial evidence to support the ALJ's finding that the Plaintiff could adjust to other work available in significant numbers in the national economy, and that the Plaintiff is not disabled.

### b. Other Jobs

However, Plaintiff also contends that the ALJ erred because there is an apparent inconsistency between the number of final assembler jobs available in the national economy and the number that the VE identified. Specifically, the Plaintiff argues that the VE identified 235,000 jobs in the national economy for final assembler of optical goods, but that the number is inaccurate because it represents the *broad* category of work under which it falls under (Tr. 383). In other words, Plaintiff does not argue that there are no jobs available, just that there are not as many jobs. Plaintiff notes that identifying 24,988 jobs instead would have been a better approximation. Nevertheless, the Eleventh Circuit "never held that a minimum numerical count

of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations . . . however . . . the 'appropriate focus under the regulation is the national economy.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (quoting *Allen v. Bowen,* 816 F.2d 600, 603 (11th Cir.1987)). Thus, while the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, the ALJ need not identify a *certain number* of jobs for its decision to be supported by substantial evidence. *Id.* (finding that even 3,200 available jobs in the national economy is a significant number of jobs and that the ALJ's decision was supported by substantial evidence); *Wilson*, 284 F.3d at 1227.

Even assuming *arguendo* that there was an inconsistency that the ALJ should have identified and resolved, the Court finds the ALJ's error harmless. *See Cooper,* 373 F. App'x at 962 (citing *Diorio*, 721 F.2d at 728) (stating that an error may be harmless when it does not prejudice a claimant). Though the VE misidentified the number of jobs available in the national economy for a final assembler of optical goods, the Plaintiff herself noted that there were still thousands of jobs available in the national economy under that sub-category of work (Doc. 20). Reversing and remanding this case to revise that numerical figure for a better approximation would end in the same determination—a finding that the Plaintiff is not disabled. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (declining to remand "for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision"). Given that the ALJ identified work available in significant numbers in the national economy that the Plaintiff can perform, the Court finds that there is substantial evidence to support the ALJ's finding of not disabled. Accordingly, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 6th day of February, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record